IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

BRANDON LACY                                                                PETITIONER

v.                              No. 5:19-cv-95-DPM

DEXTER PAYNE, Director,
Arkansas Division of Correction                                           RESPONDENT

ORDER

Lacy's motion to alter or amend the Judgment under Rule 59(e) is mostly denied but remains under submission on the prosecution-file discovery issue. The Court will allow the requested discovery, and focused briefing about those materials, before addressing whether any related manifest error occurred. *Perez v. Does 1–10*, 931 F.3d 641, 647 (8th Cir. 2019). This Court's Judgment continues to stand.

*

Early on, this Court denied without prejudice Lacy's discovery requests and invited him to file a renewed motion after the Court winnowed the claims to those that have the most merit and any that justify an evidentiary hearing. Doc. 23. Then, the United States Supreme Court decided *Shinn v. Ramirez*, holding that the *habeas* evidentiary restriction, 28 U.S.C. § 2254(e)(2), applies to procedurally defaulted ineffectiveness of trial counsel claims. 596 U.S. 366, 382 (2022). That case did the winnowing. It eliminated the need for a winnowing order. Doc. 26 at 16.

Lacy says this Court should have requested briefing on the new precedent. This Court could have entered an order noting *Shinn's* apparent implications for this case and soliciting the parties' views. But, the precedent's application seemed clear and obvious. *Doc. 26 at 8–12*. In any event, the parties have now briefed *Shinn* and record expansion at length. And this comprehensive analysis reveals, at least to this Court, one clear answer.

As this Court concluded before, an evidentiary hearing on procedurally defaulted ineffectiveness of trial counsel claims is barred. 28 U.S.C. § 2254(e)(2); *Shinn*, 596 U.S. at 382; *Doc. 26 at 12–16*. Lacy did not make a diligent effort to develop the ineffectiveness claims in state court. *Williams v. Taylor*, 529 U.S. 420, 432 (2000); *Doc. 26 at 16*. He was not abandoned by post-conviction counsel. *Maples v. Thomas*, 565 U.S. 266, 283 (2012); *Doc. 26 at 15–16*. And this Court's no-hearing decision is not manifestly erroneous. *Perez*, 931 F.3d at 647.

*

Lacy offers *pro se* papers that, he says, demonstrate his diligence. The Judgment, however, cannot be amended based on new evidence available before this Court entered Judgment. *Banister v. Davis*, 590 U.S. 504, 508 (2020). Lacy's reasons for not presenting the evidence earlier do not warrant its consideration. This Court entered Judgment almost a year after the Supreme Court decided *Shinn*. Lacy had sufficient time to provide evidence and argument to overcome the evidentiary

restriction. And, even if his *pro se* papers are considered, this material doesn't show that Lacy made a "reasonable attempt" to "investigate and pursue" the procedurally defaulted ineffectiveness claims in state court. *Williams*, 529 U.S. at 435.

Lacy says that he attempted to file the first *pro se* paper in Benton County Circuit Court in October 2016. In the paper, he listed "facts" to show his trial lawyers' ineffectiveness. He said that he asked his Rule 37 lawyer, Patrick Benca, to raise the issues at the post-conviction hearing. Doc. 29-1. The *pro se* paper, however, doesn't demonstrate that Lacy made a diligent effort to develop ineffectiveness claims. By then, the time for raising new ineffectiveness claims was long past. The Rule 37 hearing was held two years earlier, Rule 37 Record (CR 15-171) 814; the post-conviction case was on remand for the Circuit Court to apply the correct legal standard, *State v. Lacy*, 2016 Ark. 38, 480 S.W.3d 856. Lacy failed to develop the state court record when he wasn't diligent "at the relevant stages of the proceeding." *Williams*, 529 U.S. at 437.

The second paper, Lacy's *pro se* motion seeking a new post-conviction lawyer on appeal, doesn't show diligence either. Doc. 29-2. When the post-conviction case was on its third and final trip to the Arkansas Supreme Court, Benca and Lacy each filed a motion for appointment of new counsel. *Lacy v. State*, CR-17-404 (Ark. 22 May 2017); CR-17-404 (Ark. 5 June 2017). The Supreme Court promptly relieved Benca and appointed Bill James. CR-17-404 (Ark. 8 June 2017).

Lacy also repeats his argument that, because his agency relationship with Benca had been severed, Benca's failure to develop the state court record can't be attributed to him. The *pro se* papers don't warrant revisiting this issue. They don't establish that Benca "abandoned" Lacy. *Maples*, 565 U.S. at 283. They don't show that Benca was "not operating as his agent in any meaningful sense of that word." 565 U.S. at 282. Lacy continues to allege that he asked Benca to amend the Rule 37 petition. The earliest indication of a broken relationship, however, is the first *pro se* paper, dated two years after the Rule 37 hearing. *Doc. 29-1.*

In a related argument, Lacy seeks to avoid responsibility for attorney error because, he says, the *pro se* papers demonstrate Benca's conduct went "beyond garden-variety negligence." *Doc. 29 at 20.* This language, however, is taken from the majority opinion in *Holland v. Florida*, which addressed the degree of attorney error constituting an extraordinary circumstance warranting equitable tolling. 560 U.S. 631 (2010). Lacy's reliance on the *Holland* majority opinion is misplaced.

Two years before deciding *Maples*, the Supreme Court considered equitable tolling of the limitations period when the *Holland* petitioner's lawyer failed to file the petition. *Holland*, 560 U.S. at 652. The Supreme Court held the extraordinary circumstances required for equitable tolling exist when the attorney's conduct is more than a "'garden variety claim' of attorney negligence." *Holland*, 560 U.S. at 651–52. The

4

Court distinguished equitable tolling from procedural default cases where the petitioner must "bear the risk of attorney error." *Holland*, 560 U.S. at 650–51 (quotations omitted).

*Maples*, however, relied on Justice Alito's concurrence in *Holland*, which addressed attorney abandonment. *Maples*, 565 U.S. at 282. The *Maples* Court quoted Justice Alito's conclusion in *Holland* that "a litigant cannot be held constructively responsible for the conduct of an attorney who is not operating as his agent in any meaningful sense of that word." *Ibid.* (quotations omitted). The *Maples* Court recognized that *Holland* was an equitable tolling case, but nonetheless concluded that Justice Alito's abandonment analysis applied in the procedural default context. *Maples*, 565 U.S. at 282 n.7. For purposes of attributing attorney error to Lacy, *habeas* review therefore does not extend to assessing his post-conviction lawyer's negligence.

Lacy is correct that *Shinn* did not address the appropriateness of evidentiary hearings on the petitioner's purported failure to develop the state court record. *Black v. Falkenrath*, 93 F.4th 1107, 1109 (8th Cir. 2024). The existing record, however, contained an adequate factual basis for this Court to determine that fault lies with Lacy.

This Court has studied Lacy's additional papers, and Payne's response, related to procedurally defaulted ineffectiveness claims. Docs. 38, 41, & 45. Lacy's arguments are not convincing. Payne did not waive the argument based 28 U.S.C. § 2254(e)(2). *Doc. 7 at 23–24*.

Intervening precedent—the *Shinn* decision—on the statute's reach does not equate to forfeiture. Lacy has helpfully completed the record with the new evidence he would offer if he could. *Doc. 38-1 through 38-15.* This new evidence, though, cannot be considered on *habeas* review under *Shinn*'s construction of the governing statute, 28 U.S.C. § 2254(e)(2).

*

Reopening the case to issue a *Rhines* stay—allowing Lacy to file a motion to recall the post-conviction mandate—is not warranted, either. *Rhines v. Weber*, 544 U.S. 269 (2005). In considering whether extraordinary circumstances support recalling the mandate in a death penalty case, the Arkansas Supreme Court's "overarching concern" is that a case should be reopened only "to address an error in the appellate process, meaning an error that *this court* made or overlooked while reviewing a case in which the death sentence was imposed." *Nooner v. State*, 2014 Ark. 296, at *8, 438 S.W.3d 233, 239 (emphasis original and quotations omitted). The Arkansas Supreme Court was referring to itself. The Court of Appeals, moreover, has recognized that a motion to recall the mandate is "not a proper vehicle for exhausting state court remedies in Arkansas." *Wooten v. Norris*, 578 F.3d 767, 786 (8th Cir. 2009). Lacy suggests that, in light of *Shinn*, the Arkansas Supreme Court might reconsider the grounds for recalling post-conviction mandates. Perhaps. But he has made no convincing argument that

*Shinn* has influenced or will influence state processes. He has pointed to nothing that would show a breakdown in the appellate process. Therefore, Lacy has not demonstrated that an available remedy exists in state court. A motion to recall the mandate would be futile.

\*

Lacy also asks this Court to reopen the Judgment for discovery of the prosecution's victim-outreach and work-product files. In his pre-*Shinn* discovery motion, Lacy argued good cause existed because the file papers were necessary for the factual development of procedurally defaulted claims—Claims 1-8, 8, 3, 22-2, 22-10, 23-1, 23-3, and 23-5—and the related procedural defenses. *Doc. 18 at 4–7.* Based on analysis of the claims and procedural defenses, and the evidentiary restrictions, this Court concluded Lacy could not establish good cause to support a renewed discovery request. *Doc. 26 at 16.*

This Court remains skeptical that the undisclosed files contain information that would support altering the Judgment on the enumerated claims. There is, however, the possibility of manifest error. As Lacy points out, denial of discovery is an abuse of discretion when the discovery is "indispensable to a fair, rounded, development of the material facts." *Toney v. Gammon*, 79 F.3d 693, 700 (8th Cir. 1996) (quotations omitted). If the undisclosed files contain facts necessary for resolving these claims, reconsidering the Judgment may be warranted.

To be cautious, and to eliminate the possibility of manifest error, review of the undisclosed prosecution work-product and victim-impact files will be helpful. Based on these papers and the parties' pointed arguments about them, this Court will revisit whether the existing record was adequate to address the procedurally defaulted claims raised in Lacy's discovery motion, *Doc. 18*.

\*

Lacy's Rule 59(e) motion, *Doc. 28*, is mostly denied but remains under submission in part. Lacy may issue a *subpoena duces tecum* to the Benton County Prosecutor's Office for the victim-impact and work-product files by 30 August 2024. He must furnish copies of these documents to Payne within ten days of getting them. Lacy must file any supplemental briefing—on the claims raised in the discovery motion—based on the file material within thirty days of receiving these papers. Any response is due thirty days later. This Court will take up the remaining part of Lacy's motion to alter or amend the Judgment in due course.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

_8 August 2024_