IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

BRANDON LACY                                                      PLAINTIFF

v.                              No. 5:19-cv-95-DPM

DEXTER PAYNE, Director,
Arkansas Division of Correction                                   DEFENDANT

ORDER

The Benton County Prosecuting Attorney's Office moves to quash Lacy's documents subpoena. Here are the Court's rulings.

1. **Timeliness.** A preliminary issue first. Lacy says that the motion should be denied as untimely. The Prosecutor's Office filed the first motion to quash eight days before the return date for Lacy's subpoena. The motion should have been filed in the Western District of Arkansas rather than here in the Eastern District. But the Prosecutor's Office didn't file the first motion in this Court as a deliberate delay tactic. It filed the second motion to quash and the motion to transfer within the deadlines this Court imposed. The second motion is timely.

2. **Undue Burden.** The primary focus of the motion to quash is whether Lacy is entitled to discovery under Rule 6 of the Rules Governing § 2254 Cases. The Prosecutor's Office says he isn't, meaning responding to the subpoena imposes an undue burden. Lacy responds

that this is an improper argument for a motion to quash. The Prosecutor's Office bears the burden of showing that the subpoena imposes an undue burden. Wright & Miller, *Federal Practice & Procedure: Civil* § 2463.1 at p. 319 (3d ed. 2024 supplement).

The authorities cited in the briefing aren't binding and aren't all that helpful, either. In *ML Healthcare Services, LLC v. Publix Super Markets, Inc.*, Lacy's chief case, the Court of Appeals for the Eleventh Circuit indeed acknowledged that Rule 45 does not list inadmissibility as grounds for quashing a subpoena. 881 F.3d 1293, 1306 (11th Cir. 2018). But that Court also recognized that the "admissibility or relevance of a piece of evidence could be pertinent to an undue burden analysis." *ML Healthcare Services*, 881 F.3d at 1306-07. The Court didn't conduct that analysis because the moving party conceded that it wasn't arguing undue burden. The cases cited by the Prosecutors simply do not analyze whether a nonparty can move to quash a subpoena based on whether the sought documents are discoverable. *See In re Faiella*, 2008 WL 1790410, at *5 (Bankr. D.N.J. 18 April 2008); *Molefi v. Oppenheimer Trust*, 2007 WL 538547, at *3 (E.D.N.Y. 15 February 2007); *Builders Association of Greater Chicago v. City of Chicago*, 2002 WL 1008455, at *4 (N.D. Ill. 13 May 2002).

The Court of Appeals for the Eighth Circuit reads undue burden more broadly than Lacy does. "Federal Rule of Civil Procedure 45(d)(3)(A)(iv) prohibits the discovery of information where no need is

shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information." *In re Missouri Department of Corrections*, 839 F.3d 732, 736 (8th Cir. 2016). But the Court of Appeals also hasn't endorsed the Prosecutor's Office's position that a non-party can collaterally attack the issuance of a subpoena as an undue burden without showing some harm that would result from disclosure. To the contrary, the issue of whether disclosure will cause harm has been dispositive. *Compare In re Missouri Department of Corrections*, 661 F. App'x 453, 456 (8th Cir. 2016) (holding that party moving to quash failed to prove an undue burden because its evidence of potential harm was vague and speculative), *with In re Missouri Department of Corrections*, 839 F.3d at 736-37 (on rehearing, finding undue burden because newly offered evidence showed that disclosure would "certainly harm" the moving party).

The only burden discussed in the papers is that allowing disclosure in this case could chill internal discussions in state prosecutor's offices in future cases. That's speculative. In fact, this Court has allowed this type of disclosure before without untoward consequences for later cases. *See Kemp v. Kelley*, Case No. 5:03-cv-55-DPM (E.D. Ark. 12 March 2013). All material things considered, the Prosecutor's Office hasn't shown that the subpoena

imposes an undue burden. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (listing factors).

**3.     Privilege.**  The Prosecutor's Office argues that most of the subpoenaed documents are protected work product. It has filed a privilege log and produced the records to the Court in camera and *ex parte*. The color coding used in the log is helpful and appreciated. The Court has reviewed the files. There is much unprotected material in them—copies of cases, transcripts, court filings, incident reports, and such. The Court generally agrees that the documents the Prosecutor's Office has identified as work product are, in fact, an amalgam of ordinary and opinion work product prepared in the underlying criminal case.

The privilege/work product issue is a matter of federal law because Lacy makes federal claims. Fed. R. Evid. 501; Fed. R. Civ. P. 26(b)(3); *Hollins v. Powell*, 773 F.2d 191, 196 (8th Cir. 1985). But Arkansas law informs the Court's analysis. An Arkansas prosecutor's case file is a public record. *City of Fayetteville v. Edmark*, 304 Ark. 179, 186, 801 S.W.2d 275, 279 (1990); *Scott v. Smith*, 292 Ark. 174, 176, 728 S.W.2d 515, 516 (1987); Ark. Op. Atty. Gen. No. 99-110. In almost any conceivable circumstance, the file must be shielded from the defendant and the public during the investigation, trial, and appeal. Ark. R. Crim. P. 17.5; Ark. Code Ann. § 25-19-105(b)(8) (FOIA exception for documents protected from disclosure by order or rule of court);

*see also Fatemi v. White*, Case No. 4:11-cv-458-DPM (E.D. Ark. 27 March 2014). The State and its citizens have a right to a fair trial and the effective administration of justice. But that rationale evaporates when the criminal case ends. And absent that rationale, there is little reason to continue shielding these files. The public, including Lacy, has a significant interest in knowing how the people's lawyers conduct the people's work. Particularly so here, where the files relate to the prosecution of a capital murder case resulting in a death sentence.

The subpoenaed documents are not protected work product in the circumstances. Fed. R. Evid. 501; *Edmark*, 304 Ark. at 195, 801 S.W.2d at 283. There is no basis to quash the subpoena based on Federal Rule of Civil Procedure 45(d)(3)(A)(iii).

*

The motion to quash, *Doc. 69*, is denied. The Benton County Prosecuting Attorney's Office must provide a complete copy of the files to Lacy's lawyers by 14 February 2025. The Prosecuting Attorney's Office has until 28 February 2025 to submit to the Clerk redacted copies of the documents obscuring any personal data identifiers. (Hand redactions with a magic marker would be fine.) Thereafter, the Court will unseal the redacted files, *Doc. 80*. This Court's CM/ECF Administrative Policies and Procedures Manual for Civil Filings will provide guidance as to what information should be redacted. The

Court orders Lacy not to disclose (in the meantime) any of the personal data identifiers or (in due course) any of the redacted information.

The Court establishes the following schedule for supplemental briefing (as specified in *Doc. 47*) about the effect (if any) of these documents on Lacy's motion, *Doc. 28*, to alter the Judgment.

    **14 March 2025** – Lacy's Brief (20 pages)
    **11 April 2025** – Payne's Response (30 pages)
    **25 April 2025** – Lacy's Reply (10 pages)

So Ordered.

                                        _____
                                        D.P. Marshall Jr.
                                        United States District Judge

                                        30 January 2025